JUSTICE GRAY,
specially concurring.
I specially concur in the result reached by the Court on issue one.
I would affirm the District Court on that issue based on § 2-4-704(2)(b), MCA, which allows the reviewing court to reverse a decision of STAB if substantial rights of an appellant have been prejudiced because findings of fact, on issues essential to the decision, were not made, although requested. Here, two hearings were held by STAB. On judicial review after the first hearing, the District Court directed STAB to hold another hearing and, thereafter, to make specific findings of fact and conclusions of law in support of its decision. STAB totally failed to comply with the directive from the court to make specific findings. As a result, DeVoe has been in litigation for more than six years over one tax challenge.
It would be unfair and inequitable to DeVoe to permit this case to drag on any longer because of STAB’s neglect of its duty. Nor should this Court countenance such responses — or failures to respond — to district court orders by any agency or arm of state government, particularly when the adverse impacts would fall on individual Montana taxpayers. Indeed, the conduct of both STAB and the DOR in this case falls far short of the performance Montanans are entitled to *119 expect from their government. I conclude that DeVoe’s substantial rights have been prejudiced because of STAB’s failure to follow the court’s order and would affirm the District Court on that basis.
I also agree with the Court that the District Court correctly determined that the DOR did not produce substantial credible evidence in support of its appraisal, even though I disagree with the Court’s rationale in reaching that conclusion. Here, the DOR contends that it assessed DeVoe’s property using the cost approach outlined in § 15-8-lll(2)(b), MCA. Its assessment included a physical depreciation factor, although no testimony explained or supported the amount of physical depreciation included in that assessment. More importantly, the record does not contain evidence that the DOR considered functional and economic obsolescence in assessing the property at issue, much less that it “fully considered” those factors as required by § 15-8-lll(2)(b), MCA. I conclude that the failure to present evidence that those factors were fully considered requires affirming the District Court on the basis that substantial credible evidence does not support the DOR’s assessment or STAB’s decision upholding that assessment against DeVoe’s challenge. Because the DOR did not comply with the requirements of § 15-8-lll(2)(b), MCA, in assessing DeVoe’s property, I do not believe it is necessary to reach the question of whether the cost approach can be utilized without regard to “market factors.”
Because the Court does so, however, I must state my disagreement with its conclusion that the cost approach — even assuming all statutory requirements are met — is an insufficient method of assessing property. It is my view that § 15-8-lll(2)(b), MCA, does authorize the DOR to use the cost approach on a stand-alone basis in assessing property. To me, enactment of that subsection reflects legislative recognition and approval of the DOR’s long-standing use of the cost approach to market value, while requiring the purely cost approach to be “softened” by reductions in value caused by physical depreciation and functional and economic obsolescence.
Moreover, I am concerned with the Court’s departure from the wisdom of Northwest Land, where we stated that “[i]t is not a judicial function to act as an authority on taxation matters. We will not evaluate the advantages and disadvantages of a particular assessment method as applied to a taxpayer.” 661 P.2d at 45. The Court concludes that the cost approach as defined by § 15-8-lll(2)(b), MCA, does not provide a sufficient basis for property assessments by the DOR. It does not, however, provide any guidance as to how the DOR *120 can properly assess property when faced with circumstances like those in the present case.
As the record before us reflects, the other common valuation methods for properties of the kind at issue here are the income approach and the comparable sales approach. Here, no income approach information is of record; indeed, DeVoe’s own “expert” did not have the information necessary to make an assessment on that basis. Such information generally would be in the hands of the taxpayer and unavailable to the DOR absent voluntary submission of that data by the taxpayer. In addition, the “comparable sales” evidence offered by the DOR in this case was properly rejected as dissimilar and irrelevant by both STAB and the District Court; the record is clear that no truly comparable sales occurred during the applicable time period. I am at a loss to understand how, under these circumstances, the DOR is to meet its duties in periodically assessing property if it cannot rely solely on the cost approach which is, in my view, specifically sanctioned by statute.
Notwithstanding my differences with the Court, however, I do agree that the District Court did not err in reversing STAB on the basis of § 2-4-704(2)(b), MCA, and the lack of substantial credible evidence to support the DOR’s assessment. Thus, I would affirm on those bases.
JUSTICE WEBER joins in the foregoing special concurrence of JUSTICE GRAY.